# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**JEFFREY JACOB BENKE,**

    Plaintiff,

v.                                                     Case No. 20-CV-881

**BERNADETTE PIGEON,**

    Defendant.

## SCREENING ORDER

Plaintiff Jeffrey Jacob Benke, an inmate confined at the Waupun Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983 alleging that the defendant violated his civil rights. This order resolves Benke's motion for leave to proceed without prepaying the filing fee and screens his complaint.

The court has jurisdiction to resolve Benke's motion to proceed without prepaying the filing fee and to screen the complaint in light of Benke's consent to the full jurisdiction of a magistrate judge and the Wisconsin Department of Justice's limited consent to the exercise of magistrate judge jurisdiction as set forth in the Memorandum of Understanding between the Wisconsin Department of Justice and this court.

**1. Motion for Leave to Proceed without Prepaying the Filing Fee**

The Prison Litigation Reform Act (PLRA) applies to this case because Benke was a prisoner when he filed his complaint. *See* 28 U.S.C. § 1915(h). The PLRA allows

the court to give a prisoner plaintiff the ability to proceed with his case without prepaying the civil case filing fee. 28 U.S.C. § 1915(a)(2). When funds exist, the prisoner must pay an initial partial filing fee. 28 U.S.C. § 1915(b)(1). He must then pay the balance of the $350 filing fee over time, through deductions from his prisoner account. *Id.*

On June 22, 2020, the court ordered Benke to pay an initial partial filing fee of $2.32. (ECF No. 7.) Benke paid that fee on July 10, 2020. The court will grant Benke's motion for leave to proceed without prepaying the filing fee. He must pay the remainder of the filing fee over time in the manner explained at the end of this order.

**2. Screening the Complaint**

*2.1 Federal Screening Standard*

Under the PLRA, the court must screen complaints brought by prisoners seeking relief from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint if the prisoner raises claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that applies to dismissals under Federal Rule of Civil Procedure 12(b)(6). *See Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017) (citing *Booker-El v. Superintendent, Ind. State Prison*, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the

2

pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that someone deprived him of a right secured by the Constitution or the laws of the United States, and that whoever deprived him of this right was acting under color of state law. *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)). The court construes *pro se* complaints liberally and holds them to a less stringent standard than pleadings drafted by lawyers. *Cesal*, 851 F.3d at 720 (citing *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015)).

*2.2 Benke's Allegations*

Benke sues Bernadette Pigeon, a prison guard at Dodge Correctional Institution ("DCI"), where Benke previously was housed and where the allegations of his complaint occurred. Benke alleges that on August 12, 2019, he was returning to his cell when Pigeon asked him why he had an extra pair of underwear in his cell. (ECF No. 1 at 2.) Benke explained that he had only one pair and had not worn them to breakfast that morning because he had just washed his underwear. (*Id.*) Benke began to show Pigeon that his underwear was still wet from being washed, when she

3

allegedly slammed the door of his cell shut on his hand. (*Id.*) Pigeon told him she shut the door because he "was making threatening motions and had his foot in the door." (*Id.* at 3.) Benke alleges he suffered "severe swelling & bruising" to his hand but does not allege whether his foot was injured. (*Id.*) Benke was found not guilty in the conduct report written about his purported threats. (*Id.*) He seeks compensatory and punitive damages against Pigeon. (*Id.* at 4.)

*2.3 Analysis*

Benke seeks to sue under state law. (ECF No. 1 at 4.) But because he alleges that he and Pigeon are citizens of Wisconsin, he fails to show total diversity of citizenship and may not proceed under diversity jurisdiction. *See* 28 U.S.C. 1332(a).

Benke's claim arises under federal law. The Eighth Amendment protects a convicted inmate from cruel and unusual punishments. *See generally Wilson v. Seiter*, 501 U.S. 294 (1991). "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992) (quoting *Whitley v. Albers*, 475 U.S. 312, 319 (1986)). An Eighth Amendment claim consists of an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the context of a claim of excessive force, the plaintiff must show both that (1) "the alleged wrongdoing was objectively 'harmful enough' to establish a constitutional violation," and (2) "'the officials act[ed] with a sufficiently culpable state of mind.'" *Hudson*, 503 U.S. at 8 (quoting *Wilson*, 501 U.S. at 298, 303). The "core judicial inquiry" is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to

4

cause harm." *Id.* at 6 (citing *Whitley*, 475 U.S. at 320–21). The court must consider several factors to determine whether the use of force was "legitimate or malicious, including 'the need for an application of force, the relationship between that need and the force applied, the threat reasonably perceived by the responsible officers, the efforts made to temper the severity of the force employed, and the extent of the injury suffered by the prisoner.'" *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (quoting *Outlaw v. Newkirk,* 259 F.3d 833, 837 (7th Cir. 2001)).

Benke alleges that he suffered severe swelling and bruising to his hand. Although Benke does not state whether he required medical treatment, the court can fairly assume the injury was harmful enough to satisfy the objective component of an Eighth Amendment claim. *See Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) (citing *Hudson*, 503 U.S. at 10) (noting that "a prisoner need not show a 'significant injury' in order to have a good claim under the eighth amendment").

The subjective element is a closer call. Benke alleges that he reached toward Pigeon to show her that his underwear was wet, which she misconstrued as a threatening gesture. Pigeon slammed Benke's cell door shut, injuring his hand. Pigeon told him she closed the cell door because she believed he was making a threatening motion and because his foot was in the door. Pigeon's statement to Benke suggests she made a mistake and misinterpreted his gesture as threatening, not that she acted "maliciously or sadistically" to injure Benke. Yet it is possible her reaction of slamming Benke's cell door shut was an unreasonable reaction to the threat she reasonably could have perceived.

5

Benke alleges he was found not guilty of making threats to Pigeon, suggesting his actions were innocuous and Pigeon's reaction was possibly overblown. Perhaps Pigeon could have avoided the perceived threat by merely stepping out and away from Benke's cell, rather than slamming the cell door shut. The court will allow Benke to proceed on his Eighth Amendment claim against Pigeon. It will be up to Benke to submit evidence showing Pigeon reacted unreasonably and that his injury was not the result of a simple mistake by Pigeon.

### 3. Conclusion

**THEREFORE, IT IS ORDERED** that Benke's motion for leave to proceed without prepaying the filing fee (ECF No. 2) is **GRANTED**.

Under an informal service agreement between the Wisconsin Department of Justice and this court, a copy of the complaint and this order have been electronically transmitted to the Wisconsin Department of Justice for service on defendant Bernadette Pigeon. It is **ORDERED** that, under the informal service agreement, Pigeon shall file a responsive pleading to the complaint within 60 days.

**IT IS FURTHER ORDERED** that the agency having custody of Benke shall collect from his institution trust account the $347.68 balance of the filing fee by collecting monthly payments from Benke's prison trust account in an amount equal to 20% of the preceding month's income credited to Benke's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this case. If Benke is transferred

to another county, state, or federal institution, the transferring institution shall forward a copy of this order along with his remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where Benke is confined.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions[1] must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the court. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE JUDGE'S CHAMBERS. It will only delay the processing of the matter.

---

[1] The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution.

Benke is further advised that failure to make a timely submission may result in the dismissal of this case for failure to diligently pursue it. In addition, the parties must notify the Clerk of Court of any change of address. Benke is reminded that it is his responsibility to promptly notify the court if he is released from custody or transferred to a different institution. Benke's failure to keep the court advised of his whereabouts may result in the dismissal of this case without further notice.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Benke may find useful in prosecuting his case.

Dated at Milwaukee, Wisconsin this 21st day of July, 2020.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge